James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
ZOHRA RICHARDSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| ZOHRA RICHARDSON, an individual; | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | DEMAND FOR JURY TRIAL |
| JEFFERSON CAPITAL SYSTEMS, LLC, a Georgia Limited Liability Company and DOES 1 through 10, inclusive, | (15 U.S. Code § 1601 *et seq.*; 15 U.S. Code § 1692 *et seq.*; Cal. Civil Code § 1788 *et seq.*.) |
| Defendants. | |
| _____/ | |

Plaintiff, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or her attorneys (which are alleged on personal knowledge), hereby make the following allegations:

INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Truth in Lending Act, 15 United States Code section 1601 *et seq.* (TILA) and Regulation Z, 12 C.F.R. § 1026 [formerly § 226], the Fair Debt Collection Practices Act, 15 United States Code section 1692 *et seq.* (FDCPA), and the Rosenthal FDCPA, California

Civil Code section 1788 *et seq*. (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found that economic stabilization would be enhanced, and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened, by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of the Truth in Lending Act to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and

that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1640(e) and § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This action arises out of Defendants' violations of the Truth in Lending Act, 15 U.S.C. § 1640 *et seq.* (TILA) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

## VENUE

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. §§ 1640(e) and 1692k(d), in that Defendants transact business in this judicial district and the violations of TILA and FDCPA complained of occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

8. This lawsuit should be assigned to the San Francisco / Oakland Division of this District because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

## PARTIES

9. Plaintiff ZOHRA RICHARDSON is a natural person residing in the County of Contra Costa, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h). Plaintiff was sued in an underlying state court complaint as "Zohra Taymuree."

10. Defendant JEFFERSON CAPITAL SYSTEMS, LLC is a Georgia Limited Liability Company engaged in the business of collecting debts in this State with its principal place of business located at 16 McLeland Rd., St. Cloud, MN 56303. Jefferson may be served by serving its Registered Agent, Corporation Service Company whose business address is 2711 Centerville Rd., Ste 400, Wilmington DE 19808. The principal business of JEFFERSON is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. Defendant regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt collection lawsuits. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

12. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including Contra Costa County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

13. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

14. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## **FACTUAL ALLEGATIONS**

### The Underlying Alleged Debt

15. In about 2007, Plaintiff is alleged to have become a co-obligor on a financial obligation, namely a consumer credit contract ("the alleged debt"), with co-obligor sued as "Carolynn Swanson." Plaintiff ZOHRA did not in fact receive any of the money, property or services which are the subject matter of the consumer credit contract. The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. sec. 1692a(5) and a "consumer debt" as that term is defined by California Civil Code sec. 1788.2(f).

16. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was transferred by the original creditor and is now claimed by defendant JEFFERSON.

17. Plaintiff is informed and believes, and thereon alleges, that there are multiple violations of TILA apparent on the face of the TILA disclosure statement,

which was sent to plaintiff's co-obligor, then known as Carolynn Swanson, but never sent to plaintiff ZOHRA herself.

### The *Jefferson v. Swanson* State Court Complaint

18. On or about June 9, 2016, Defendants filed a lawsuit in the Superior Court of Contra Costa County, captioned *Jefferson Capital Systems, LLC v. Carolynn Swanson, et al.*, Case No. L16-01899 ("the *Jefferson v. Swanson* complaint"), which sought to collect $5532.29 in damages, plus costs of suit. Plaintiff ZOHRA was named as a defendant in the *Jefferson v. Swanson* complaint as "Zohra Taymuree."

19. In connection with defending against the claims in the *Jefferson v. Swanson* complaint, the undersigned counsel for plaintiff ZOHRA sought production of documents and received, among other things, a copy of a TILA disclosure notice sent to plaintiff's co-obligor in 2007. The TILA disclosure notice contains multiple violations of TILA apparent on the face of the document. Plaintiff herein was not aware of the contents of the TILA disclosure notice or any of its defects until after June 16, 2017 when her counsel received a copy in connection with defense of the *Jefferson v. Swanson* state court complaint. As a result, the limitations period for plaintiff ZOHRA on the TILA action began in June 2017.

20. Plaintiffs are informed and believe, and thereon allege, that the *Jefferson v. Swanson* complaint misrepresented the character, amount and legal status of the alleged debt.

21. Among other things, plaintiff is informed and believes and thereon alleges that defendants cannot prove standing to sue on the alleged debt.

22. For another, plaintiff alleges that defendants were barred from bringing an action against plaintiff pursuant to the provisions of Code of Civil Procedure section 1799.95 because the cosigner disclosure notices did not comply with section 1799.91.

- 6 -
COMPLAINT

23. The California period of limitations to recover a defaulted consumer debt of this kind is four years from the date of breach.

24. Any claims on this consumer credit contract against plaintiff ZOHRA accrued more than four years prior to the filing of the *Jefferson v. Swanson* complaint. As a result, the *Jefferson v. Swanson* complaint was time-barred as to plaintiff ZOHRA.

25. In her answer (as amended) to the *Jefferson v. Swanson* complaint, plaintiff ZOHRA asserted the affirmative defenses that [p]laintiff [Jefferson]'s causes of action were barred by the statute of limitations in California Code of Civil Procedure section 337(1).

26. By filing and maintaining the *Jefferson v. Swanson* complaint, Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken. A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt.[1]

27. Alleged payments by the primary borrower or any other reason to toll the statute of limitations (e.g. primary borrower's alleged oral request for a deferment) do not apply to plaintiff as a co-obligor. California is in agreement with the majority of jurisdictions in the United States on the principle that the period of limitations as to a co-obligor is not extended due to payments by the primary borrower.[2]

---

[1] *McCollough v. Johnson, Rodenburg & Lauinger,* 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger* 637 F. 3d 939 (9th Cir. 2011)

[2] 71 A.L.R. 375: ("The majority of the states, repudiating the rule of *Whitcomb v. Whiting* (1781) 2 Dougl. K. B. 652, 99 Eng. Reprint, 413, hold that a part payment of principal or interest by one of two or more joint or joint and several debtors binds only the person making the payment, and does not operate to take the debt out of the Statute of Limitations as against his co-obligors.") *e.g., Purdy v. Maree* (1939) 31 Cal.App.2d 125, 127.

28. Nothing in the loan agreement allegedly signed by plaintiff provides that the period of limitations as to plaintiff would be extended due to a payment by the primary borrower.

29. Defendants' cosigner disclosure notices allegedly provided to plaintiff do not comply with applicable state and federal law.

30. California Civil Code section 1799.91 and 16 Code of Federal Regulations section 444.3 require that a consumer credit contract contain the following language prior to a cosigner becoming liable on the debt:

> NOTICE TO COSIGNER
> You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
> You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
> The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.
> This notice is not the contract that makes you liable for the debt.

31. The Code of Federal Regulations provision, in subdivision (c), requires that the disclosure be given to the cosigner, *prior to becoming obligated*, in a separate document containing the required statement, and no other. Plaintiff alleges that the required language was not contained "in a separate document" containing no other statements.

32. As a result, defendants did not comply with the Code of Federal Regulations and the attempt to collect from plaintiff was an unfair or deceptive practice.

33. California Civil Code section 1799.91 requires that the notice contain the required language in both English and Spanish in at least 10-point type. First, plaintiff is informed and believes and thereon alleges that the notice was not provided in 10-point type.

34. Plaintiff's causes of action did not accrue until she became aware of the *Jefferson v. Swanson* state court complaint.[3] Plaintiff ZOHRA did not learn about the *Jefferson v. Swanson* state court complaint until several days after her co-obligor, sued as Carolynn Swanson, was served by substitute service on or about July 1, 2016. The one-year anniversary of July 1, 2016 is July 1, 2017, a Saturday. As a result, this complaint would be timely filed even if Zohra learned about the *Jefferson v. Swanson* state court complaint on July 1, 2017.

35. Defendants' *Jefferson v. Swanson* state court complaint prays for costs and attorney fees against plaintiff ZOHRA, despite not having provided plaintiff ZOHRA the written notice required by Code of Civil Procedure section 1033(b)(2). As a result, defendants demanded amounts from plaintiff ZOHRA which they did not have a right to collect.

36. Defendants' multiple acts of misconduct during the litigation, including filing and maintaining the *Jefferson v. Swanson* state court lawsuit in an attempt to collect a time-barred debt, and seeking to collect a debt which defendants did not have the right to collect, are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[4] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[5]

---

[3] Lyons v. Michael & Assocs.,824 F.3d 1169 (9th Cir.); *Engstrom v. Kallins* (1996) 49 Cal.App.4th 773, 783.

[4] 15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[5] *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

37. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined at trial.[6]

38. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints such as the one served on plaintiff on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

## TRUTH IN LENDING ACT

39. Plaintiff brings the first claim for relief against Defendants under the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.* (TILA), and to recover statutory damages, reasonable attorney's fees and costs by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. § 1026 [formerly § 226]

40. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

41. Plaintiff is a consumer within the meaning of 15 U.S.C. §1602(i) [§ 1602(h) prior to Dodd-Frank amendments] and Regulation Z § 1026.2(a)(11) [formerly § 226.2(a)(11)].

42. At all times relevant hereto, the original creditor on the subject consumer credit contract, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

---

[6] *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

43. In or about March 2016, Defendant JEFFERSON is alleged to have become assignee in the position of creditor on the subject consumer credit contract for which plaintiff ZOHRA did not in fact receive any money, property or services.

44. However, no notice of the assignment to defendant JEFFERSON was ever sent to plaintiff ZOHRA. Instead, plaintiff herein learned of the assignment when she learned of the *Jefferson v. Swanson* state court complaint.

45. The consumer credit contract on which plaintiff ZOHRA is alleged to have become a co-obligor in 2007 was a "consumer credit transaction" within the meaning of TILA in which the extended consumer credit was subject to a finance charge and which was initially payable to the original creditor.

46. The disclosure statement issued in conjunction with this consumer credit transaction, violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

> a. By failing to include in any "finance charge" certain charges imposed by the original creditor payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z, § 1026.4 [formerly § 226.4], thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z, § 1026.18(d) [formerly § 226.18(d)];

> b. by improperly including components of the finance charge, including but not limited to those itemized above, in the amount financed, the original creditor improperly disclosed the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z, § 1026.18(b) [formerly § 226.18(b)];

> c. by calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount

financed, 15 U.S.C. § 1606, Regulation Z, § 1026.22 [formerly § 226.22], the original creditor understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z, § 1026.18(c) [formerly § 226.18(c)];

d. by failing to itemize the amount financed;

e. by failing to enumerate the cost of credit at a yearly rate; and

f. by failing to disclose the late charges which would be applied.

47. The disclosures improperly made by the original creditor, as itemized above, are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. § 1602(v) [§ 1602(u) prior to Dodd-Frank amendments], Regulation Z, § 1026.23(a)(3)(ii) [formerly § 226.23.]

48. The finance charge and APR were under-disclosed by more than the tolerance levels set forth in 15 U.S.C. § 1605.

49. The violations were apparent on the face of the TILA disclosure statement and as a result, defendant JEFFERSON is liable for the violations.

50. The violative TILA disclosure statement was sent only to plaintiff's co-obligor, then known as Carolynn Swanson, but never sent to plaintiff ZOHRA. No TILA disclosure notice was ever sent to plaintiff ZOHRA.

51. As a result, plaintiff is entitled to an award of statutory damages for the disclosure violations, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $4,000 as provided under 15 U.S.C. § 1640(a).

FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff brings the second claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

53. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

54. Plaintiff ZOHRA is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

55. Defendants herein, and each of them, are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6), because defendants, and each of them, use any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

56. The relevant portion of the FDCPA definition of "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plainly, "[t]he FDCPA establishes two alternative predicates for 'debt collector' status — engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity. 15 U.S.C. § 1692a(6)." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004); *accord, Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1316 n.8 (11th Cir. 2015); *Schlegel v. Wells Fargo Bank*, N.A., 720 F.3d 1204, 1208 (9th Cir. 2013); *Hester v. Graham, Bright & Smith*, 289 Fed. Appx. 35, 41 (5th Cir. 2008); *Little v. World Fin. Network, Inc.*, 1990 WL 516554, *2–4 (D. Conn. July 26, 1990) ("the two prongs of the statutory definition of debt collector are separated by a comma and the word 'or', indicating that there are alternative definitions."). An entity meeting either one of the two definitions qualifies as a debt collector. *See Davidson v. Capital One Bank (USA), N.A., supra.*

57. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

58. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

    a. using the courts in an attempt to collect a time-barred debt in violation of 15 U.S.C. §§ 1692e and 1692f;

    b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    d. engaging in unfair or deceptive practices in failing to provide the required cosigner disclosure notice, in violation of 15 U.S.C. §§ 1692e and 1692f;

    e. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

    f. attempting to collect costs and attorney fees from plaintiff without having provided the proper notice, an unfair or deceptive practice or unconscionable means of collection, in violation of 15 U.S.C. §§ 1692e & 1692f.

59. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

60. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

61. Plaintiff brings the third claim for relief against Defendants NCT, P&F and TSI under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

62. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

63. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

64. Defendant JEFFERSON is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

65. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

66. Defendant violated the RFDCPA, California Civil Code §§ 1788.13(e) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

    a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

    b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

    c. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

    d. engaging in unfair or deceptive practices in failing to provide the required cosigner disclosure notice, in violation of Civil Code §§ 1799.91 and 1788.17;

    e. engaging in unfair or deceptive practices in bringing an action in state court against plaintiff without having complied with Civil Code § 1799.91, in violation of Civil Code §§ 1799.95 and 1788.17;

      f. attempting to collect costs and attorney fees from plaintiff without having provided the proper notice, an unfair or deceptive practice or unconscionable means of collection, in violation of Code of Civil Procedure section 1033(b)(2) and Civil Code § 1788.17;

67. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

68. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

69. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Civil Code § 1788.30(b).

70. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

71. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

72. Pursuant to Civil Code section 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant JEFFERSON and all defendants, and each of them, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants, and each of them, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.15(b), 1788.17 and 1788.18(b);

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)), and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

DATED: July 2, 2017              /s/ James A. Michel
                                 JAMES A. MICHEL
                                 State Bar No. 184730
                                 2912 Diamond St #373
                                 San Francisco CA 94131
                                 Tel. # 415/ 239-4949
                                 Email: attyjmichel@gmail.com

                                 Attorney for Plaintiff
                                 ZOHRA RICHARDSON

- 17 -
COMPLAINT

DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff ZOHRA RICHARDSON hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: July 2, 2017                    ___/s/ James A. Michel_____
                                       JAMES A. MICHEL

COMPLAINT